UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61694-CIV-MORENO/SELTZER

DONNA COOPER, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA FIRST INSURANCE
AGENCY, LLC,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff Donna Cooper's Motion to Compel Defendant to Produce Documents [DE 15]. Plaintiff argues that Defendant's response of "None" to Request for Production Numbers 3, 5, 6, 7, 8, 9, 10, and 11 is improper and requests an order compelling responses to those requests. In addition, Plaintiff seeks an order overruling Defendant's objections to Request Numbers 12 and 13.

In response, Defendant states that it responded "None" to Request for Production Numbers 3, 5, 6, 7, 8, 9, 10, and 11 because Plaintiff narrowly and specifically defined "telephone dialing equipment" in its Request for Production and, therefore, there are no responsive documents. Plaintiff described "telephone dialing equipment" as follows: "[A]ny telecommunications, telemarketing or computer equipment, including but not limited to, 'ringless voicemails' or other voicemail system used to make PHONE CALLS." Defendant seemingly takes a very narrow view of Plaintiff's description of "telephone dialing

equipment." The Court does not. Accordingly, Plaintiff's Motion to Compel responses to Request Numbers 3, 5, 6, 7, 8, 9, 10, and 11 will be granted.

Request Numbers 12 and 13 seek the following information: "DOCUMENTS sufficient to IDENTIFY ALL CALL RECIPIENTS during the CLASS PERIOD" and "DOCUMENTS sufficient to IDENTIFY the total number of CALL RECIPIENTS during the CLASS PERIOD." Defendant responded to Request Numbers 12 and 13 with the objection that the requests are "unduly burdensome and [are] not likely to lead to the discovery of admissible evidence and violates the Defendant's proprietary business information." Defendant argues that Request Numbers 12 and 13 ask for documents well beyond the scope of this lawsuit and that the responses would include all of Defendant's clients and potential clients, which is proprietary and confidential information. Defendant asks that if production is required, that it be subject to a confidentiality order.

Defendant uses the wrong standard for discovery objections. Rule 26(b)(1), Federal Rules of Civil Procedure states as follows:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

This is a class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff alleges that Defendant contacted Plaintiff and class members on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). In light of the allegations of the Complaint, the Court concludes that Request Numbers 12 and 13 seek information that is both relevant and proportional to the needs of the case. The Court, however, agrees with Defendant that the information sought is proprietary and confidential. Accordingly, Plaintiff's Motion to Compel responses to Request Numbers 12 and 13 will be granted, subject to the entry of a confidentiality order.

Finally, Plaintiff requests, and Defendant does not object to, an extension of the discovery deadline to March 14, 2018. The Magistrate Judge is unable to grant an extension of the District Court's pre-trial deadlines [DE 7]. Accordingly, that request will be denied without prejudice to bring before the District Court. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendant to Produce Documents is **GRANTED IN PART AND DENIED IN PART**. The parties shall submit a proposed Joint Confidentiality Order to the Court no later than Thursday, December 27, 2018, by email to Chambers (seltzer@flsd.uscourts.gov). Defendant shall produce documents responsive to Request Numbers 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13

no later than January 4, 2019, in accordance with the Joint Confidentiality Order as necessary. Plaintiff's request to extend the discovery deadline is **DENIED** without prejudice to renew before the District Court in a separate motion.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of December 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF